# In the United States Court of Federal Claims

No. 19-255C
(Filed: June 9, 2020)
(Re-filed: June 17, 2020) [1]
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DOE NO. 1, *et al.*, | |
| *Plaintiffs*, | 29 U.S.C. § 216(b) (2018); motion for attorney's fee and costs; reasonable hours; contingency fee. |
| v. | |
| THE UNITED STATES, | |
| *Defendant*. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Linda Lipsett*, Washington, DC, for plaintiffs. *Daniel M. Rosenthal*, *Alice C. Hwang*, and *Michael P. Ellement*, of counsel.

*Ashley Akers*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Tara K. Hogan*, Assistant Director, for defendant.

ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiffs, ten Bureau of Alcohol, Tobacco, Firearms and Explosives Firearms Enforcement Officers, filed a complaint alleging violation of the Fair Labor Standards Act ("FLSA") on February 14, 2019.[2] Following initial discovery and negotiations, plaintiffs accepted an offer of judgment from

---

[1] Due to the protective order in this matter, this order was filed under seal to afford the parties an opportunity to propose redactions. The parties filed a notice on June 11, 2020, stating that they propose no redactions. This order is therefore re-filed without redactions.

[2] Plaintiffs amended the complaint four times, adding more plaintiffs each time for a total of ten officers.

defendant on January 10, 2020, and the Clerk entered judgment in the amount of $147,575.92 on January 28, 2020. Pending is plaintiffs' motion for attorney's fees and its bill of costs totaling $41,956.77 through February 25, 2020, under Rule 54(d) of the Rules of the United States Court of Federal Claims ("RCFC").[3]

Defendant argues that plaintiffs seek compensation for an unreasonable number of hours and costs that will create a windfall to plaintiffs' counsel if awarded. Defendant asks that plaintiffs receive, at most, $18,000 in attorney's fees and approximately $450 in costs. In their reply in support of their fee petition, plaintiffs reduced their motion for attorney's fees and costs from $48,079.72 to $41,956.77.

The FLSA mandates that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (2018). Such an attorney's fee and costs are mandatory when plaintiffs prevail in a FLSA case. *Slugocki v. United States*, 816 F.2d 1572, 1579 (Fed. Cir. 1987). Plaintiffs accepted an offer of judgment in the amount of $147,575.92, and defendant does not dispute that plaintiffs are prevailing party.

To determine the award of attorney's fees, we calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable hourly rate, the court looks to "market rates for the services rendered" in the jurisdiction where the case was litigated. *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). A reasonable rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Plaintiffs' counsel, who are practitioners in the District of Columbia, submit that the USAO-*Laffey* Matrix, which is published by the United States Attorney's Office for the District of Columbia and sets forth market rates for attorneys based on experience, sets the rates for attorneys in their community. Defendant does not contest the use of the USAO-*Laffey* Matrix to set the hourly rate.

---

[3] Plaintiffs filed a bill of costs separately but also attached the bill of costs and supporting documentation to their motion for attorney's fees, requesting that the court enter judgment for the bill of costs amount to the extent that the Clerk does not act. We grant both the motion for attorney's fees and bill of costs, as discussed in this order.

Regarding the number of hours reasonably expended, plaintiffs' counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. For instance, plaintiffs should be cognizant that "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely." *Id.* at 437.

In their fee petition, plaintiffs submitted that counsel reasonably spent 120.75 hours litigating this case.[4] Plaintiffs first requested entry of an order for $47,381 in attorney's fees through February 25, 2020 as reflected below:

| Staff | Hours Billed | USAO-*Laffey* Rate | Total Fees |
|---|---|---|---|
| Linda Lipsett | 18 | $613/$637 | $11,340.00 |
| Michael Bernstein | 19.25 | $353/$372 | $6,902 |
| Alice Hwang | 42.75 | $433 | $18,510.75 |
| Michael Ellement | 18 | $372 | $6,696.00 |
| Charlotte House | 22.5 | $166/$173 | $3,889.00 |
| Isabel Thomas | .25 | $173 | $43.25 |
| Total: | 120.75 | | $47,381.00 |

Regarding costs, plaintiffs claimed $698.72 as listed below:

| Date | Description | Charge |
|---|---|---|
| 02/14/19 | Filing Fee | $400 |
| 05/28/19 | Fee for Transcript of May 20, 2019 Teleconference | $146.70 |
| 10/31/19 | October 2019 Photocopying Charges | $.30 |
| 10/31/19 | October 2019 Bloomberg Law Legal Research Fees | $57.64 |
| 12/31/19 | December 2019 Photocopying Charges | $10.40 |
| 12/31/19 | December 2019 Bloomberg Law Legal Research Fees | $38.99 |
| 01/31/20 | January 2020 Bloomberg Law Legal Research Fees | $44.69 |
| Total: | | $698.72 |

The government objects to the reasonableness of the number of hours expended and the experience rate at which those hours are billed. Defendant also argues that the amount claimed produces a windfall for plaintiffs' counsel. In particular, defendant argues that plaintiffs spent an unreasonable

---

[4] In their motion, plaintiffs represented that their counsel spent 130.5 hours on this case but that counsel decided not to seek fees for 9.75 hours.

amount of time on briefing a motion for an extension of time; unreasonably billed ministerial activities like email review in quarter-hour increments; and unreasonably allowed partner-level attorneys to bill too many hours. Defendant also points out that plaintiffs' "[c]ounsel bills 32.50 hours or $12,886 for preparing a motion for fees in a case involving less than 100 hours spent on litigation." Def.'s Resp. 7. Finally, despite acknowledging that plaintiffs are entitled to statutory fees and that this court does not review FLSA settlements between plaintiffs and the United States, defendant argues that plaintiffs' counsel should not receive statutory fees because plaintiffs agreed to pay a contingency fee. Regarding costs, defendant argues that costs for a transcript, docket entries, and certain commercial research were unreasonable.

In their reply brief, plaintiffs reduced their request by approximately 20 hours ($5,976.25 in fees). That reduction decreased the fees sought from $47,381 to $41,404.75 through February 25, 2020. Plaintiffs removed fees for hours spent after accepting the government's offer of judgment that were unrelated to their fee petition; hours dedicated to filing a motion for clarification; hours spent on filing a motion for leave to file supplemental evidence; and hours billed for opposing defendant's motion for enlargement of time. Plaintiffs also decreased the hours claimed for time spent on its fees petition from 32.5 hours to 31 hours.

Beyond the deduction in hours, plaintiffs do not seek fees for the time spent on their reply brief with respect to fees, concluding their fee petition at February 25, 2020. Additionally, from their $698.72 costs request, plaintiffs eliminated the $146.70 transcript cost. Regarding the rest of the hours billed and costs claimed, plaintiffs maintain that their counsel used appropriate billing judgment and standard billing practices.

When reviewing plaintiffs' billing records and associated briefing, the court is guided by the principle that legal counsel must use billing judgment and properly document the hours spent, by whom, and on what tasks. *Hensley*, 461 U.S. at 433-34; *see also Jenkins*, 491 U.S. at 288. We find that plaintiffs' counsel expended a reasonable number of hours and reasonably assigned attorneys at varying experience levels to this case.

This case was resolved after negotiations and an offer of judgment, without dispositive motion practice, but there were three disputed procedural motions and protracted settlement discussions. Plaintiffs also point out that counsel completed limited discovery prior to settlement. Through this process, plaintiffs' counsel secured a $147,575.92 recovery for their clients.

Also, the parties engaged in substantive briefing on the fee request. Ultimately, plaintiffs' petition for attorney's fees and costs represents less than a third of the total recovery.

With this context in mind, we conclude that plaintiffs' counsels' hours and staffing were reasonable. First, plaintiffs included approximately six hours billed in quarter-hour increments for tasks such as reviewing documents, sending emails between counsel, and phone conversations between counsel. There is nothing inherently unreasonable about using a quarter-hour increment for a small set of hours spent on basic tasks, and in this case plaintiffs' counsel did not egregiously accumulate quarter-hour entries. Furthermore, in a case spanning approximately a year and including lawyers and support staff coordinating in two firms, we find it reasonable that plaintiffs' counsel spent 31 hours preparing the fee petition.

Additionally, we discount the government's questioning of plaintiffs' lead counsel bringing in attorneys from another law firm for a total of four attorneys and two paralegals. We understand that Ms. Lipsett is essentially a solo practitioner. Given that we are not concerned about the reasonableness of the hours claimed, the number of law firms that accumulated those hours is immaterial. Plaintiffs are entitled to engage the number of attorneys needed to resolve their suit. Relatedly, defendant quibbles with which lawyer, at varying experience levels, was assigned to various tasks but does not question the accuracy of the billing records supporting those hours. The court finds that plaintiffs' counsel reasonably divided tasks without expending an unreasonable amount of time. The court will not second guess the hours beyond that inquiry, because, as defendant concedes, the court does not play a role in approving the FLSA settlement between plaintiffs and the government nor does it have a role in reviewing the agreement between plaintiffs and their counsel. Plaintiffs have appropriately reduced their costs request and the amounts charged for filing, copying, and research are reasonable.

For the foregoing reasons, the court grants plaintiffs' motion for attorney's fees and its bill of costs in the amount of $41,404.75 in attorney's fees and $552.02 in costs, totaling $41,956.77. The Clerk is directed to enter judgment accordingly.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
